## MATTER OF UGRICIC

### In Section 203(a)(7) Proceedings

### A-19561394

*Decided by District Director October 13, 1972*

Application for classification as a conditional entrant under section 203(a)(7) of the Immigration and Nationality Act, as amended, is denied since applicant has offered no credible testimony or other evidence that he was persecuted or had reason to fear persecution in Yugoslavia and, hence, has failed to establish that he fled from Yugoslavia because of persecution or fear of persecution on account of race, religion or political opinion. Further, while applicant is apparently unwilling to return to Yugoslavia and stated that if returned he would be forced to enter military service, he has failed to establish that his unwillingness to return to Yugoslavia is on account of race, religion or political opinion.

The applicant is a citizen of Yugoslavia, single, born June 11, 1954, in Kozljak, Yugoslavia. He entered Italy during March 1972 upon presentation of his Yugoslav passport at Trieste, Italy, and currently resides at Padriciano, a camp for refugees, which is maintained and administered by the Government of Italy. He is seeking classification as a conditional entrant under section 203(a)(7) of the Immigration and Nationality Act, as amended.

Prior to coming to Italy, he resided with his parents in the town of his birth. He completed eight years of schooling in Yugoslavia. While in his native country, he was employed as a laborer and farm worker. He has no close relatives in the United States.

The Government of Italy denied the applicant's request for asylum on the ground that he is not a political refugee. However, since he is a native of an area of Yugoslavia that prior to World War II was a part of Italy, he is permitted to remain in Italy as is any other native of that area who requests such permission, because Italy still regards that area of Yugoslavia as being Italian territory. Natives and citizens of Yugoslavia who come from any other area of Yugoslavia are returned by the Government of Italy to Yugoslavia when they are denied asylum in Italy.

In his application, the applicant stated that he left Yugoslavia because he did not like the political system and that he wished to emigrate to a democratic country. He added that he is of the Catholic faith. During the course of an interview held before an

officer of the Immigration and Naturalization Service he was unable to elaborate on his statement that he did not like the political system of Yugoslavia and it was evident that he had little or no knowledge of the workings of the Communist Party of Yugoslavia or what it advocates, nor of the political, economic or other operations of the Government of Yugoslavia. He was afforded the opportunity to specify how he had been persecuted while in Yugoslavia or why he feared persecution in that country, but was unable to do so. He did state that if he returned to Yugoslavia he would be forced into entering the military service as he had reached the age for induction therein.

The applicant has stated that he had attended church in Yugoslavia without hindrance and without suffering criticism, arrest, or ostracism for such attendance. He claims that on one occasion, approximately two years ago, he had been ridiculed for his churchgoing. However, he could not identify the ridiculing individual or individuals nor could he recall the events leading to that incident.

Section 203(a)(7) of the Immigration and Nationality Act reads as follows:

Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed six per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, of (II) from any country within the general area of the Middle East, and (ii) are unable of unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing the term "general area of the Middle East" means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the east, and (4) Saudi Arabia and Ethiopia on the south: *Provided*, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

The applicant is not within the purview of part (B) of section 203(a)(7). Indeed the President to date has not defined any catastrophic natural calamity within the meaning of that part. Therefore, in order to even be considered as qualifying for conditional entry the applicant must meet the requirements of part (A)(i), (ii) and (iii) of section 203(a)(7). The applicant has offered no credible testimony or other evidence that he was persecuted or had good

reason to fear persecution in Yugoslavia. Ergo, he has failed to establish that he fled from that country because of persecution or fear of persecution on account of his race, religion or political opinion. Similarly, while he is apparently unwilling to return to Yugoslavia, the record does not support a finding that his unwillingness is on account of race, religion or political opinion. Thus, the only one of the three qualifications which the applicant meets is that he is not a national of Italy, the country in which he applied for conditional entry, despite the fact that Italy, for nationalistic reasons, regards as Italian territory the part of Yugoslavia in which he was born. Accordingly, the application must be denied.

**ORDER:** It is ordered that the application for conditional entry under section 203(a)(7) of the Immigration and Nationality Act, as amended, be and is hereby denied.